IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**SHIRLEY RENEE ROWE,**

    **Plaintiff,**

    v.                              **Civil Action No. 2:15-cv-14560**

**NANCY A. BERRYHILL,**
 **Acting Commissioner of Social Security,**

    **Defendant.**

**<u>PROPOSED FINDINGS AND RECOMMENDATIONS</u>**

    This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's applications for disability insurance benefits (DIB) under Title II and social security income (SSI) under Title XVI of the Social Security Act based on disability as a child. By standing order, this case was referred to this United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendations for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before this Court are Plaintiff's Memorandum in Support of Judgment on the Pleadings (ECF No. 10) and Defendant's Brief in Support of Defendant's Decision (ECF No. 11).

    Shirley Renee Rowe (hereinafter referred to as Claimant), applied for DIB and SSI on November 7, 2012, alleging disability beginning July 11, 2012. The claims were denied initially on January 9, 2013, and upon reconsideration on February 13, 2013. Thereafter, Claimant filed a written request for a hearing before an administrative law judge (ALJ) on March 1, 2013. A hearing was held on April 1, 2014, in Charleston, West Virginia. On April 23, 2014, the ALJ denied Claimant's applications. On June 5, 2014, Claimant filed a request for review of the hearing

1

decision by the Appeals Council (AC) (Tr. at 7-8). On September 10, 2015, the Appeals Council denied Claimant's request for review (Tr. at 1-5). The AC stated "We found no reason under our rules to review the Administrative Law Judge's decision" (Tr. at 1) and "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council" (Tr. at 2). On September 10, 2015, the AC made the 103 pages of additional evidence received from Claimant part of the record (Tr. at 4). That evidence consists of the following exhibits:

| | |
|---|---|
| Exhibit 16E | Representative Brief dated May 21, 2014, written by Jan D. Dils, Esq.. |
| Exhibit 12F | CAMC Outpatient Care Center medical records dated April 10, 2007 through March 25, 2014. |

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Childhood disability for individuals under the age of 18 years that are turning 18 shall be reviewed under the eligibility criteria for new applicants pursuant to section 1614(a)(3)(H). The medical improvement review in section 1614(a)(4) is different in that it is a periodic review used to determine if a child who has received disability continues to equal the listing(s).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2016). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* §§ 404.1520(a), 416.920(a). The first inquiry under

the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* §§ 404.1520(b), 416.920(b). This step is not used for redetermining disability at age 18. *See* 20 C.F.R. § 416.987(b). The second inquiry is whether claimant suffers from a severe impairment. *Id.* §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2016). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity during the period of time from her alleged onset date of July 11, 2012, through her date last insured (DLI) of December 31, 2017 (Tr. at 14). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of peripheral artery disease, rheumatoid arthritis, sarcoidosis, osteoporosis, diabetes mellitus, back pain syndrome, hypertension, coronary artery disease and depression/adjustment disorder with

3

depressed symptoms.[1] (*Id.*)  At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1 (Tr. at 15).  The ALJ then found that Claimant has a residual functional capacity for light work except she can never perform climbing of ladders, ropes or scaffolds.  She is able to occasionally perform balancing, kneeling, stooping, crouching, crawling and climbing of ramps and stairs.  Claimant must avoid concentrated exposure to extreme cold, vibration and hazards such as heights and machinery. (*Id.*)  The ALJ held that Claimant is capable of performing her past relevant work as a restaurant manager and pawn shop manager as generally performed in the national economy (Tr. at 20).  Therefore, the ALJ concluded that Claimant has not been under a disability from July 11, 2012, through the date of the ALJ's decision, April 23, 2014 (Tr. at 22).

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence.  In *Blalock v. Richardson*, substantial evidence was defined as:

> [E]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Cellebreze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Nevertheless,

---

[1] Claimant can carry 20 pounds occasionally and 10 pounds frequently, stand and walk 6 hours in an 8-hour workday and sit 6 hours in an 8-hour workday.  She may never climb ladder, ropes or scaffolds and only occasionally climb ramps and stairs, balance, stoop, crouch, kneel and crawl.  Claimant must avoid even moderate exposure to extreme cold, extreme heat, vibration and hazards such as machinery and heights and concentrated exposure to wetness and humidity.  She is limited to simple repetitive routine tasks (Tr. at 17-18).

the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

### Claimant's Background

Claimant was born on October 20, 1961. She earned a GED.

### Medical Background

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

### Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the ALJ failed to properly assess Claimant's impairment of obesity at all steps of the sequential evaluation (Tr. at 10). Claimant argues that the ALJ failed to perform the required function-by-function analysis when determining Claimant's residual functional capacity (RFC). Defendant asserts that the ALJ was not required to account for limitations from Claimant's obesity when Claimant maintained her strength and sensation, walked with normal gait and had normal persistence and pace (Tr. at 11). Defendant avers that the ALJ complied with precedent and policy when determining that Claimant could work despite functional limitations based in part on an examination that was routinely unremarkable.

### Discussion

Claimant filed a request for review of the ALJ's decision by the Appeals Council (Tr. at 7-8). Claimant's request included 107 pages of medical records. On September 10, 2015, the Appeals Council notified Claimant that her request for review was denied. The AC stated "We found no reason under our rules to review the Administrative Law Judge's decision. Therefore,

we have denied your request for review" (Tr. at 1). Furthermore, the AC stated "We concluded that the additional evidence does not provide a basis for changing the Administrative Law Judge's decision" (Tr. at 2). On September 10, 2015, the AC admitted into evidence 107 pages of medical records from CAMC Outpatient Care Center dated April 10, 2007, through March 25, 2014 as Exhibit 12F (Tr. at 4).

Additional evidence will be considered by the Appeals Council if it is new and material and relates to the period on or before the ALJ hearing decision. See 20 C.F.R. §§ 404.970(b) and 416.1470(b). SSA has issued HALLEX 1-3-3-6 to clarify when additional evidence is new and material. According to the HALLEX, this means the evidence is:

1. Not part of the record as of the date of the ALJ decision;
2. Relevant, i.e., involves or is directly related to issues adjudicated by the ALJ; and
3. Relates to the period on or before the date of the hearing decision, meaning it is (a) dated before or on the date of the hearing decision, or (b) postdates the hearing decision but is reasonably related to the time period adjudicated at the hearing.

New evidence, which is first submitted to the Appeals Council, is part of the record which goes to the district court for review. This is true whether the Appeals Council reviews the case or not. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 44 Soc. Sec. Rep. Serv. 248, Unempl. Ins. Rep. (CCH) (11th Cir. 1994).

The ALJ in the present matter noted that Claimant suffers from severe impairments including depression, rheumatoid arthritis, back pain syndrome, hypertension and sarcoidosis, however, none of the impairments singularly or in combination met or medically equaled the severity of one of the listed impairments (Tr. at 14-15). The medical records admitted into evidence by the AC contains, in part, medical records regarding Claimant's pain, rheumatoid arthritis, depression and sarcoidosis over a seven year span. The additional medical records

document symptoms, treatments and medications in regard to Claimant's "severe" impairments (Tr. at 992- 1034). Seven years of symptoms, treatments and medications may affect the ALJ's determination on the severity of Claimant's impairments.

It is not the role of the Court to search for evidence and articulate for the ALJ's decision which the ALJ himself did not articulate. *See Rhinehardt v. Colvin*, No. 4:12-CV-101-D, 2013 U.S. Dist. LEXIS 75948, 2013 WL 2382303, *2 (E.D.N.C. May 30, 2013) (citation omitted) ("If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient."); *Tanner v. Astrue*, C/A No. 2:10-1750-JFA, 2011 U.S. Dist. LEXIS 105731, 2011 WL 4368547, *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ"). In *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), the Fourth Circuit stated that a necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed 2d 643 (1985)).

While the ALJ is required to weigh the relevant medical opinions, he "need not discuss every shred of evidence in the record," and is under no duty to explicitly refer to each exhibit. *Reynolds v. Colvin*, 2014 WL 2852242, at *21 (S.D. W.Va. Aug 19, 2014), *adopted by* 2014 WL 4852250 (S.D. W.Va. September 29, 2014; *McGrady v. Astrue*, 2011 WL 4828884, at *20 (N.D. W.Va. September 16, 2011) (quoting *Mays v. Barnhart,* 227 F. Supp. 2d 443, 448 (E.D. Pa. 2002), *aff'd* 78 F. App'x 808 (3d Cir. Oct. 27, 2003)) ("[t]he ALJ is not required to give an exhaustive discussion of all the exhibits. 'Consideration of all the evidence does not mean that the ALJ must

explicitly refer to each and every exhibit in the record.'").

When read in combination with the applicable regulation, *Wilkins v. Secretary, 953 F.2d 93 (4th Cir. 1991),* reveals that a claimant need not show good cause when submitting new evidence to the Appeals Council:

> A claimant seeking a remand on the basis of new evidence under 42 U.S.C.A. § 405(g) (West 1983) must show that the evidence is new and material and must establish good cause for failing to present the evidence earlier. There is no requirement that a claimant show good cause when seeking to present new evidence before the Appeals Council.

*Wilkins*, 953 F.2d at 96 n.3; *see also* 20 C.F.R. § 416.1471(b) (2014). Instead, "[t]he Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" *Wilkins*, 953 F.2d at 95-96 (quoting *Williams,* 905 F.2d at 216.) Evidence is new "if it is not duplicative or cumulative." *Id.* at 96 (citing *Williams*, 905 F.2d at 216). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* (citing *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985)).

The additional records were admitted into evidence by the Appeals Council. This Court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the ALJ's findings. The contents of the new evidence pertains directly to Claimant's pain, medication failures and successes, satisfies the criteria for Listing 4.02. Therefore, the ALJ's decision is not supported by substantial evidence as he has not reviewed the record as a whole. Accordingly, the Court recommends that the presiding District Judge remand this matter for further consideration.

Conclusion

The undersigned proposes that the United States District Court remand this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings to consider whether Exhibit 11F, when reviewed with the entire record satisfies the criteria for Listing 4.02 .

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 10), **DENY** the Commissioner's Brief in Support of the Defendant's Decision (ECF No. 11), **REVERSE** the final decision of the Commissioner and **REMAND** this case for further proceedings pursuant to sentence four of 42 § U.S.C. § 405(g) and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED** and a copy will be submitted to the Honorable Judge John T. Copenhaver, Jr..  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge

Copenhaver and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter: February 24, 2017

_____
Dwane L. Tinsley
United States Magistrate Judge